Filed 8/29/22  P. v. Coats CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C095895 |
| v. | (Super. Ct. No. CRF2101938) |
| JOSEPH JAMES COATS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Joseph James Coats asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Defendant started molesting his stepdaughter when she was eight or nine years old and continued until she turned 18.  Defendant would enter the stepdaughter's bedroom at night and touch her breasts and vagina.  On several occasions, defendant masturbated while touching the stepdaughter.  He also digitally penetrated and orally copulated her.

1

Defendant threatened the stepdaughter that if she told her mother about the abuse, they would become homeless. The abuse stopped when a friend moved into the family's residence.

The stepdaughter eventually told her mother about the molestation, and her mother made defendant move out. After seeing a social media post of defendant living with his new girlfriend and two little girls, the stepdaughter became concerned about the safety of the girls and reported defendant to the police.

The People charged defendant with aggravated sexual assault of a child (Pen. Code, §§ 269, subd. (a), 289, subd. (a)) and continuous sexual abuse of a child under the age of 14 (Pen. Code, § 288.5, subd. (a)). Defendant entered an open plea of no contest to the continuous sexual abuse charge. The parties stipulated that the police report constituted the factual basis for defendant's plea.

Although the People sought the upper term of 16 years and defendant argued for the low term of six years, the trial court sentenced defendant to the middle term of 12 years. It dismissed the remaining count and ordered defendant to pay a $1000 restitution fine, a $1,000 parole revocation fine, a $40 court operations assessment, a $30 conviction assessment, and a $1,200 sex offender fine. In addition, the trial court ordered defendant to submit to AIDS testing and to register as a sex offender. The trial court initially awarded defendant 105 days of presentence credit, but later corrected that to 133 days.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


        /S/
MAURO, Acting P. J.


We concur:


    /S/
DUARTE, J.


    /S/
HOCH, J.